(No. 2344—■■■■■■■■)

ROLLIN F. STREITMATTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1935.*
*Rehearing denied September 11, 1935.*

CLARENCE W. HEYL and VERLE W. SAFFORD, for claimant.

OTTO KERNER, Attorney General, and JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

In his Declaration filed herein on March 19, 1934 claimant seeks an award of Fifteen Thousand Dollars ($15,000.00) because of alleged permanent loss of earning capacity due to injuries received while in the course of his duties as a member of the National Guard of Illinois.

The Declaration states that he was a member of Company E of the 130th Ill. Infantry; that on the morning of July 31, 1932 he was ordered by his Captain to report at the Armory in the City of Peoria for duty and to take other mem-

bers of the Company to the Rifle Range for practice; that pursuant thereto he drove his mother's automobile to the Armory, received other members of the Company as passengers and drove toward the Rifle Range; that there were several automobiles driven to the Range, being driven about two rods apart on a gravel road; that while driving on a hill, with care and caution for his own safety and the safety of the car, his car collided with other automobiles, due to the negligence of the drivers of the other cars, and as a result thereof he suffered severe injuries to his back and head that will cause him to be a cripple for life. The Declaration further states that prior to the time of the accident he was engaged as a farm hand at Thirty Dollars ($30.00) per month and that due to his injuries he is no longer able to perform such duties.

A record of the evidence and an Abstract thereof have been filed, and plaintiff and respondent have each waived the filing of any Brief or Argument.

Any allowance of this claim would be by virtue of the provisions of the Military and Naval Code, subject to the rules applicable to the hearing of claims by this court.

*Section 10, Article XVI of the Military and Naval Code provides as follows:*

"Any officer or *enlisted man* of the National Guard or Naval Reserve *who may be wounded or disabled* in any way, *while on duty and lawfully performing the same, so as to prevent his working at his profession, trade, or other occupation from which he gains his living,* shall be entitled to be treated by an officer of the medical department detailed by the surgeon general, and to draw one-half his active service pay, as specified in sections 3 and 4 of this article, for not to exceed thirty days of such disability, on the certificate of the attending medical officer; if still disabled at the end of thirty days, he shall be entitled to draw pay at the same rate for such period as a board of three medical officers, duly convened by order of the Commander-in-Chief, may determine to be right and just, but not to exceed six months, unless approved by the State Court of Claims."

*Rule 5(a) of the Rules of the Court of Claims provides:*

"Claimant shall state whether or not his claim has been presented to any State Department or officer thereof, or to any person, corporation or tribunal, and if so presented, he shall state when, to whom and what action was taken thereon."

Plaintiff's declaration fails to comply with the above rule. There is no statement therein of any effort made by plaintiff to obtain relief, before filing his claim herein.

In the record of evidence (Transcript, p. 20) plaintiff testified that he had been called to Chicago and there appeared before three medical officers. If plaintiff was wounded or disabled while on duty so as to prevent his working at his trade, *Section 10, Art. XVI of the Military and Naval Code* provides for the steps that should be taken in certain cases before the matter is presented to the Court of Claims. It is evident therefrom that such matters should be first determined through military channels before invoking the services of the Court of Claims as a tribunal.

The claim is hereby dismissed, because of failure to show compliance with *Rule 5* above stated.

### OPINION ON REHEARING.

After a careful consideration of the petition for rehearing in the above case we find nothing therein that would justify setting aside the Order of Dismissal heretofore entered.

Further attention is called to the fact that the petition was not filed within thirty days from the date the Order Dismissing said claim was filed, as provided in Rule 33 of the Court of Claims.

The order heretofore entered in this case is therefore affirmed and the petition for rehearing denied, without prejudice.